**BARNES & THORNBURG LLP**
Matthew B. O'Hanlon (SBN 253648)
matthew.o'hanlon@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, CA 90067-3012
Telephone: 310-284-3880
Facsimile: 310-284-3894

Attorneys for Plaintiffs CDK Global, LLC,
as successor-in-interest to ADP Dealer Services, Inc.,
and IP Networked Services, Inc.

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT
**SEE PARAGRAPH 7 BELOW**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CDK GLOBAL, LLC, as successor-in-interest to ADP DEALER SERVICES, INC., and IP NETWORKED SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> 101 VERMONT AUTO GROUP, INC., <br><br> Defendant. | Case No. 2:16-cv-08280-RGK-AFM <br><br> **DISCOVERY MATTER** <br><br> **[PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER** |

# ORDER

This Court, having read and considered the parties' Stipulation for Protective Order (Dkt. No. 22), and finding good cause therefor, hereby orders that the following procedures shall be employed and the following restrictions shall govern during this litigation with respect to the disclosure of any information, documents, or things obtained by any party to this action where such items are asserted to contain or comprise trade secret, confidential, or proprietary information:

1. For purposes of this Protective Order, the following definitions shall apply:

    a. "Parties:" Plaintiffs CDK Global, LLC, as successor-in-interest to ADP Dealer Services, Inc. and IP Networked Services, Inc. (collectively, "Plaintiffs") and Defendant 101 Vermont Auto Group, Inc. ("Defendant")

    b. "Action:" the above-captioned action pending in the United States District Court for the Central District of California styled as *CDK Global, LLC et al. v. 101 Vermont Auto Group, Inc.*, Case No. 2:16-cv-08280-RGK-AFM, and any related proceedings, including alternative dispute resolution (arbitration, mediation, settlement conferences, and similar proceedings), writ, appellate, enforcement, execution, and collection proceedings.

    c. "Confidential Material:" information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the statement of good cause.

    d. "Designating Party:" a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    e. "Producing Party:" a Party or Non-Party that produces Disclosure

or Discovery Material in this Action.

  f. "Receiving Party:" a Party that receives Disclosure or Discovery Material from a Producing Party.

  g. "Protected Material:" any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

  h. "Final Disposition:" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

  h. In making the designation of materials pursuant to this Protective Order, the Designating Party (as defined below) shall give due consideration to whether the information contained in the materials (1) has been produced, disclosed, or made available to the public in the past, (2) has been published, communicated, or disseminated to others not obligated to maintain the confidentiality of the information contained therein, (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality, or (4) is available from a third party or commercial source that is not obligated to maintain its confidentiality or privacy.

2. This Protective Order shall govern the production, use, and handling of Confidential Material produced by any party or third-party that provides discovery in connection with the above-captioned action, including document productions, responses to written discovery, and deposition testimony. All Confidential Material subject to this Protective Order shall be used solely for the prosecution and/or defense of this Action and shall not be used by any other Party, other than the Party that produced it, in any other litigation, for business, for competitive purposes, or for any

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1 | other purpose whatsoever.  As a limited exception to the foregoing, Defendant may use
2 | Protected Material produced in this Action for the sole purpose of prosecuting and/or
3 | defending claims asserted in the lawsuit entitled *101 Vermont Auto Group, Inc. v. Sage*
4 | *Vermont, LLC et al.*, Los Angeles County Superior Court Case No. BC647670 (the
5 | "Superior Court Action"), and any related proceedings, including alternative dispute
6 | resolution (arbitration, mediation, settlement conferences, and similar proceedings),
7 | writ, appellate, enforcement, execution, and collection proceedings, on the express
8 | condition that all parties to whom Protected Material is disclosed in connection with
9 | the Superior Court Action first agree to be bound by this Stipulation for Protective
10 | Order and execute Exhibit A hereto.  Signed copies of Exhibit A hereto by the parties
11 | to the Superior Court Action and their counsel shall be provided to counsel for
12 | Plaintiffs prior to the disclosure of any Protected Material.

3. Each Designating Party shall designate Confidential Material by placing a "CONFIDENTIAL" stamp on each page so designated, for each document or information that, in good faith, the Designating Party believes is Confidential Material. Any testimony designated as "CONFIDENTIAL" shall be so designated by a Designating Party at the time of said deposition or within seven (7) business days of receipt of the deposition transcript, whichever is the later.  Documents and written discovery responses shall be designated as "CONFIDENTIAL" at the time of production.

4. Confidential Material shall not be shown, revealed, released, disclosed, or communicated in any way to any person or entity, except those listed in Paragraphs 5 and 6 below, without the advance written authorization of the Party that produced it.

5. Confidential Material may only be disclosed to the following:

    a. The Court, subject to Paragraph 6 below;

    b. The attorneys of record for the Parties, their respective associates, partners, clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in

the prosecution or defense of this litigation;

c. Experts retained or consulted by any Party or their counsel as required to assist in the conduct of this litigation, including any employee of such expert, to the extent that counsel of record determines that disclosure is necessary for the prosecution or defense of this litigation, provided that prior to disclosure, any such expert (and any employee) is provided with a copy of this Protective Order and acknowledges in writing that he or she agrees to be bound by these terms set forth in Exhibit A hereto by filling out and executing Exhibit A hereto;

d. The Parties and their employees, to the extent that their respective counsel determines that such disclosure is necessary for the prosecution or defense of this litigation;

e. Clerical or ministerial service providers, including outside copying services and court reporters, retained by a Party's counsel to assist such counsel in connection with this litigation;

f. Authors, addressees or recipients of the Confidential Material;

g. Professional vendors that provide litigation support services and their employees or subcontractors;

h. Any person called to testify as a witness either at a deposition or court proceeding in the litigation, but only to the extent necessary to assist in the preparation or examination of the witness, and only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order and agree, on the record, that they are bound by the terms of the Protective Order and are required not to disclose information contained in the materials designated as "Confidential;"

i. Mediators or other Alternative Dispute Resolution neutrals

(including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in this litigation; and

  j.  The court; counsel; experts; the parties; service providers; authors, addressees or recipients; professional vendors; witnesses; mediators and Alternative Dispute Resolution neutrals in the Superior Court Action on the same bases enumerated in Paragraph 5.a-5.i, above, provided that (with the exception of the court) they are first provided with a copy of this Protective Order and acknowledge in writing that they agree to be bound by its terms by filling out and executing Exhibit A hereto. Signed copies of Exhibit A hereto by the parties to the Superior Court Action and their counsel shall be provided to counsel for Plaintiffs prior to the disclosure of any Protected Material.

  6. This Protective Order is to facilitate the exchange of records and information in discovery. It does not govern sealing records pursuant to the procedures set forth in Local Rule 79-5. Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Confidential Material may only be presented to the Court pursuant to the procedures set forth in Local Rule 79-5.

  7. <u>Any use of Confidential Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Confidential Material at trial.</u> Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the Court any material designated as Confidential, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the Parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as addressed above are followed. Likewise, nothing in this Protective Order shall be

Barnes &
Thornburg LLP
Attorneys At Law
Los Angeles

5

**[PROPOSED] ORDER ON STIPULATION FOR PROTECTIVE ORDER**

dispositive of any issues of relevance, discoverability, or admissibility.

8. Any Party to this Protective Order has the right to challenge another Party's designation of Confidential Material pursuant to this Protective Order by making an appropriate application to the Court after making a reasonable attempt to resolve the issue informally with the other Parties. This Protective Order shall not be construed as a waiver of any Party's right to challenge the "CONFIDENTIAL" designation of a Designating Party as to information that is not entitled to protection as confidential information under California law or otherwise. Pending a resolution of the disputed designation, materials designated as "CONFIDENTIAL" will be treated in accordance with Paragraphs 4, 5, 6 until one of the following occurs:

    a. the Party who claims that the material is Confidential Material withdraws such designation in writing or files the Material in Court without seeking an order; or

    b. the Court rules that the material is not Confidential Material.

9. Subject to the provisions of the Federal Rules of Civil Procedure and the Federal Rules of Evidence, nothing in this Protective Order shall in any way limit the uses that the Parties may make of their own Confidential Material. To the extent a Designating Party elects to publicly disclose Confidential Material in a court filing (by not filing it under seal), all other Parties may do so as well.

10. After the Final Disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or securely destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain

1 Protected Material, and a single archival copy of any Protected Material. Any such
2 archival copies that contain or constitute Protected Material remain subject to this
3 Protective Order.  Nothing in this Protective Order shall limit or affect any party's or
4 counsel's rights with respect to non-Protected Material.

5      11.    This Protective Order shall continue to be binding throughout this
6 litigation and after its conclusion.  The final award in this action shall not relieve any
7 person to whom Confidential Material has been disclosed from the obligation of
8 maintaining the confidentiality of such information as set forth herein.

9      12.    Nothing herein shall operate as a waiver of the right of any person to
10 object on any ground to the admissibility of any Confidential Material in connection
11 with this litigation.  Nothing herein shall prevent a witness from reviewing a transcript
12 of his or her deposition testimony and any exhibits thereto, or any stipulation placed on
13 the record by counsel.

14      13.    All disputes concerning matters falling within the scope of or relating to
15 the interpretation of this Protective Order shall be submitted for ruling to the above-
16 captioned Court.  At any hearing on such submitted matter, the Parties shall make all
17 reasonable attempts to ensure that all persons not specifically contemplated by
18 Paragraphs 5 and 6 shall be excluded from the hearing.

19      14.    By entering into this Protective Order, the Parties do not waive any
20 right(s) to assert the attorney-client privilege, work product doctrine, or any other
21 objection that could be raised in response to any request to produce documents,
22 interrogatory, and/or deposition examination.

23      15.    The inadvertent production in discovery of any privileged or otherwise
24 protected or exempted information, or Confidential Material, as well as the inadvertent
25 production in discovery of information without an appropriate designation of
26 confidentiality, shall not be deemed a waiver or impairment of any claim or privilege
27 or protection including without limitation the attorney-client privilege, the protection
28 afforded to work-product materials or the subject matter thereof, or the confidential

nature of any such information, provided that the Designating Party shall immediately notify receiving party in writing when inadvertent production is discovered.  Upon receiving written notice from the Designating Party that privileged information or work-product material has been inadvertently produced, the receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to the Designating Party.  In addition, once notified of the production of inadvertent privileged information, the receiving Party shall, if such material has previously been disclosed to others by the receiving Party, take reasonable steps to obtain all such previously disclosed material and advise such persons of the claims of privilege.

17. Agreeing to produce or receive material designated as "CONFIDENTIAL" or otherwise complying with the terms of this Protective Order shall not:

    a. Operate as an admission by any Party that any Confidential Material contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

    b. Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Material;

    c. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or the evidence subject to this Protective Order;

    d. Prejudice in any way the rights of any Party to seek a determination by the Court whether any Confidential Material should be subject to

the terms of this Protective Order;

  e. Prejudice in any way the rights of any Party to petition the Court for a further protective order, or modification or amendment of this Protective Order, relating to any purportedly Confidential Material;

  f. Prejudice in any way the rights of any Party to petition the Court for permission to disclose or use particular Confidential Material more broadly than would otherwise be permitted by the terms of this Protective Order; or

  g. Prevent any Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Material.

**IT IS SO ORDERED.**

Dated: August 17, 2017

_____
Alexander F. MacKinnon
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare as follows:

I have received a copy of the Stipulation for Protective Order (the "Protective Order") regarding confidential information in the action entitled *CDK Global, LLC et al. v. 101 Vermont Auto Group, Inc.*, Case No. 2:16-cv-08280-RGK-AFM, United States District Court for the Central District of California Case No. 2:16-cv-08280-RGK-AFM . I have carefully read and understand the provisions of the Protective Order.

I have read the Protective Order and am familiar with its terms. On behalf of myself and the business organization with which I am employed or affiliated, if one exists, I agree to comply with and be bound by the Protective Order and agree not to disclose any Confidential Material in violation of the terms of the Protective Order.

I hereby submit myself and my business organization, if one exists, to the jurisdiction of the United States District Court for the Central District of California for the limited purpose of any proceeding relating to performance under, compliance with, or violation of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____  Signed:_____